IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kolok Kolok, | ) | No.  CIV 09-1410-SRB (DKD) |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Eric H. Holder, Jr., Attorney General of | ) | |
| the United States, et al., | ) | |
| | ) | |
| Respondents. | ) | |
| | ) | |

TO THE HONORABLE SUSAN R. BOLTON, UNITED STATES DISTRICT JUDGE:

On July 6, 2009, Kolok filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, alleging that his continued detention is not authorized by the Immigration and Nationality Act, and violates his constitutional rights.  Kolok is a native and citizen of Sudan, who was admitted to the United States as a refugee on August 22, 2002.  On April 3, 2009, he was taken into custody by Immigration and Customs Enforcement (ICE) because he failed to apply for and acquire lawful permanent residence within one year of his entry in the United States as required by 8 U.S.C. § 1159(a).  Under § 1159(a), a refugee who has been physically present in the United States for at least one year and has not acquired permanent resident status must "return or be returned to the custody of the Department of Homeland Security for inspection and examination for admission to the United States as an immigrant."  According to Kolok, ICE interprets § 1159(a) to authorize the continued detention of any refugee who has not become a lawful permanent resident within one year of entry.

1    Kolok's application for adjustment was denied on September 30, 2009 (Doc. 26, Exh

2    2).  On October 1, 2009, the Department of Homeland Security issued a Notice to Appear,

3    placing Kolok in removal proceedings (*Id.*, Exh 1).  Kolok was charged with removability

4    under 8 U.S.C. §§ 1182(a)(7)(A)(i) and 1182(a)(2)(A)(i)(1); ICE cited Kolok's criminal

5    convictions in 2004 and 2006 for Contempt of Court and Assault with a Deadly Weapon.

6    Kolok was ordered removed to Sudan on May 13, 2010 (Doc. 45, Exh 4).  He has waived his

7    right to appeal and is currently being detained under 8 U.S.C. § 1231 pending removal.

8    (Doc. 41 at 5, n. 1).  Upon learning of the conclusion of his removal proceedings, it appeared

9    to the Court that the authority under which Kolok is being detained by the government had

10   changed.  On September 15, 2010, the Court ordered Kolok to show cause why this habeas

11   petition should not be dismissed as moot (Doc. 43).

12       In his response, Kolok argues that his habeas case is not moot because it falls within

13   the "capable of repetition yet evading review" exception to mootness.  He argues that ICE

14   has a long-standing policy of detaining refugees under 8 U.S.C. § 1159(a).  Kolok further

15   contends that the average length of detention under § 1159(a) is less than the amount of time

16   required to adjudicate a habeas petition in federal court.  As a result, Kolok argues that he

17   and other refugees will be deprived of any opportunity to seek judicial review of their

18   detention if the Court finds that a petition has become moot whenever the legal authority for

19   the individual's detention has shifted or the person has been released.  He specifically asserts

20   that a finding of mootness in this case "will permit ICE to indefinitely continue its policy of

21   arbitrarily detaining refugees for months with no civil or criminal charges and no access to

22   bond" (Doc. 44 at 4).

23       In the alternative, Kolok argues that even if the Court finds that ICE has discontinued

24   the policy of detaining refugees under § 1159(a), the "voluntary cessation" exception to

25   mootness applies.  In such cases, Kolok argues, it is the burden of the party alleging

26   mootness to show that the allegedly wrongful behavior could not reasonably be expected to

27   recur.  In this context, Kolok maintains that the Court has the responsibility to determine

28                                                    - 2 -

1   whether an action that may render a claim moot was, in fact, initiated by the party alleging

2   mootness as a means to avoid litigation.

3          Kolok argues that the Arizona Guidance Memorandum issued by ICE on November

4   10, 2009 does not satisfy this burden.  In that memorandum, ICE issued written guidance

5   explaining that any decisions surrounding the detention of unadjusted refugees must be made

6   in accordance with 8 U.S.C. § 1226, and 8 C.F.R. § 287.3(d).  Those provisions require that,

7   in the absence of an emergency or other extraordinary circumstances, a determination must

8   be made within 48 hours whether to release an alien or place him or her in removal

9   proceedings (Doc. 45, Exh 1).  On May 10, 2010, the ICE Director of Detention and

10  Removal Operations issued a guidance memorandum to all ICE Field Offices throughout the

11  United States dictating that an unadjusted refugee's failure to adjust status is not a proper

12  grounds for detention.  The memorandum also dictated that unadjusted refugees must be

13  detained under 8 U.S.C. § 1226, and a determination must be made within 48 hours whether

14  to release the alien or place him or her in removal proceedings (Doc. 45, Exh 2).

15         Kolok contends that these memoranda cannot be relied upon as a mechanism to ensure

16  Kolok's due process rights because they violate current Bureau of Immigration Appeals and

17  circuit case law.  Specifically, Kolok argues that the effect is to place refugees in removal

18  proceedings prior to a decision by an immigration official on inadmissibility.  Kolok further

19  argues that even if they did not violate current case law, ICE has failed to comply with the

20  memoranda.  He cites a recent case where ICE had still not issued a Notice to Appear over

21  three weeks after the unadjusted refugee had been detained, and only did so the day

22  following his filing of a habeas petition.  *See* Doc. 32, Exh 1.

23         The government contends that Kolok's claims are moot because he was ordered

24  removed and is lawfully detained under 8 U.S.C. § 1231.  Specifically, the government

25  argues that Kolok no longer has a personal stake in the outcome and thus there exists no case

26  or controversy under Article III of the United States Constitution.  In his petition, Kolok

27  argues that he is being unconstitutionally detained pursuant to 8 U.S.C. § 1159.  The

28

1   government contends that since his final order of removal, he is lawfully being detained

2   pursuant to § 1231.  Indeed, as the government points out, he was initially mandatorily

3   detained under § 1226, as an inadmissible alien who committed a crime of moral turpitude.

4           The government rejects Kolok's argument about the possibility of future detention as

5   an exception to mootness.  Specifically the government argues that Kolok's speculation about

6   the possibility of future detention, without factual support, does not defeat mootness, because

7   the government has shown that detention of both Kolok individually and other unadjusted

8   refugees under § 1159 is not capable of repetition.

9           Kolok cannot reasonably dispute that once the government commenced removal

10  proceedings and charged him with removability, his detention was mandatory under § 1226

11  based upon his assault conviction.  *See Marmolejo-Campos v. Holder*, 558 F.3d 903, 922 (9th

12  Cir. 2009).  In addition, Kolok cannot dispute that he is currently being lawfully detained

13  under § 1231 because of the final order of removal.  That change in the authority under

14  which he is currently being detained makes his petition challenging that detention moot,

15  absent some exception.

16          The Court is not persuaded by his arguments that either of the cited exceptions would

17  apply to his current status.  He has not demonstrated any real or immediate threat that he will

18  be subjected to detention under 8 U.S.C. § 1159.  *See City of Los Angeles v. Lyons*, 461 U.S.

19  95, 101-102, 108-109 (1983).   In addition, although not necessary to the Court's

20  determination, the Court notes that the ICE memoranda dictating the authority for detention

21  of unadjusted refugees and the narrow time frame for making the decision whether to release

22  the alien or place him or her in removal proceedings makes Kolok's argument even more

23  speculative.  The memoranda also support the government's position that continued detention

24  under § 1159  "could not reasonably be expected to recur."  *Rosemere Neighborhood Ass'n*

25  *v. United States EPA*, 581 F.3d 1169, 1173 (9th Cir. 2009).  Finally, Kolok seeks relief as an

26  individual, not on behalf of any other party.  Therefore, his argument that other unadjusted

27  refugees either have been or will be subject to continued detention under § 1159 cannot form

28                                              - 4 -

1   a basis for any exception to mootness.  *Qassim v. Bush*, 466 F.3d 1073, 1076 (D.C. Cir.

2   2006).

3        **IT IS THEREFORE RECOMMENDED** that Kolok Kolok's petition for writ of

4   habeas corpus be **denied as moot** (Doc. 1).

5        This recommendation is not an order that is immediately appealable to the Ninth

6   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

7   Appellate Procedure, should not be filed until entry of the district court's judgment.  The

8   parties shall have fourteen days from the date of service of a copy of this recommendation

9   within which to file specific written objections with the Court.  *See*, 28 U.S.C. § 636(b)(1);

10  Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure.  Thereafter, the parties have seven

11  days within which to file a response to the objections.  Failure timely to file objections to the

12  Magistrate Judge's Report and Recommendation may result in the acceptance of the Report

13  and Recommendation by the district court without further review.  *See United States v.*

14  *Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any

15  factual determinations of the Magistrate Judge will be considered a waiver of a party's right

16  to appellate review of the findings of fact in an order or judgment entered pursuant to the

17  Magistrate Judge's recommendation.  *See* Rule 72, Federal Rules of Civil Procedure.

18       DATED this 13th day of December, 2010.

19

20       _____

21       David K. Duncan
         United States Magistrate Judge

22

23

24

25

26

27

28