**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Kolok Kolok, | ) | No. CV09-1410-PHX-SRB |
| Petitioner, | ) | **ORDER** |
| vs. | ) | |
| Eric H. Holder, et al., | ) | |
| Respondents. | ) | |

Petitioner filed his Petition for Writ of Habeas Corpus on July 6, 2009, alleging that his continued detention was not authorized by the Immigration and Nationality Act and violated his constitutional rights. At the time he filed his Petition, he had been in custody for over 60 days. He was being held by Immigration and Customs Enforcement (ICE) pursuant to Title 8, U.S.C. §1159 (a) which at that time ICE interpreted as authorizing the continued detention of any refugee who had not become a lawful permanent resident within one year of entry. Petitioner had entered the United States as a refugee on August 22, 2002 and as of the date he had been taken into custody, almost seven years later, had not applied for and acquired lawful permanent residency status in the United States.

Before his Petition for Writ of Habeas Corpus could be adjudicated Petitioner's application for adjustment was denied and the Department of Homeland Security had issued a Notice to Appear placing Petitioner in removal proceedings. On May 13, 2010 Petitioner

1 was ordered removed to his country of origin and at the time of the issuance of the Magistrate 2 Judge's Report and Recommendation was being detained under 18 U.S.C. §1231. Upon 3 learning of the conclusion of his removal proceedings, the Magistrate Judge ordered 4 Petitioner to show cause why his Habeas Petition should not be dismissed as moot. 5 Petitioner responded to the Order to Show Cause arguing against mootness on September 19, 6 2010. On October 4, 2010 Respondents filed a reply to Petitioner's response asserting that 7 the Petition for Writ of Habeas Corpus had become moot.

8 On December 13, 2010, the Magistrate Judge issued his Report and Recommendation 9 recommending that the Petition for Writ of Habeas Corpus be denied as moot. In concluding 10 that the Petition was moot, the Magistrate Judge considered Petitioner's argument that this 11 case was not rendered moot because it fell within the "capable of repetition yet evading 12 review" exception to mootness. He argued ICE has a long-standing policy of detaining 13 refugees under 8 U.S.C. §1159(a), that the average length of detention is less than the amount 14 of time required to adjudicate a habeas petition and, therefore, he and other refugees will be 15 deprived of any opportunity to seek judicial review of their detention if the Court finds that 16 a petition had become moot as a result of the legal authority for detention changing or the 17 person being released.

18 Since Petitioner was detained under 8 U.S.C. §1159(a), Immigration and Customs 19 Enforcement issued a memorandum intended as guidance explaining that decisions about the 20 detention of unadjudicated refugees must be made in accordance with 8 U.S.C. §1226 and 21 8 C.F.R. §287.3(d). The memorandum specifically advises that in the absence of an 22 emergency or other extraordinary circumstances a determination concerning detention must 23 be made within 48 hours after which time the alien must be released or placed in removal 24 proceedings. This memorandum, originally issued in Arizona on November 10, 2009, was 25 distributed to all ICE field offices on May 20, 2010, advising that a refugee's failure to adjust 26 status is not a proper ground for detention, that detention must be pursuant to 8 U.S.C. §1226, 27 and that the determination must be made within 48 hours whether to release the alien or place 28 him or her in removal proceedings.

In response to the Order to Show Cause, Petitioner argued that this memorandum should not be relied upon to show that ICE has discontinued its policy of detaining refugees under §1159(a). The Magistrate Judge disagreed and found no exceptions to mootness. Specifically the Magistrate Judge found that once the government commenced removal proceedings and charged Petitioner with removability his detention was mandatory under §1226 based upon a prior assault conviction. At the time of the issuance of the Report and Recommendation Petitioner was lawfully detained under §1231 because of the existence of a final order of removal. That change in the authority under which Petitioner was detained made his Petition challenging the detention under §1159(a) moot. The Magistrate Judge rejected the application of the limited exceptions to mootness argued by Petitioner. First, Petitioner is not in any real or immediate threat that he will be subject to continued detention or future detention under 8 U.S.C. §1159. Second, the ICE memorandum dictating the authority for detention and a narrow time frame for making the decision whether to release the alien or place him in removal proceedings makes any future detention under §1159 as to this Petitioner or any other similarly situated ones speculative. The Magistrate Judge also found that Petitioner's argument that other refugees have or will be subject to continued detention under §1159 not to form an exception to mootness.

In his objections Petitioner argues that the Magistrate Judge erred in finding that the present Petition does not meet the "capable of repetition" exception to mootness because it failed to acknowledge that "similarly-situated persons" could be effected by the same allegedly unconstitutional procedures as the Petitioner and because Petitioner presents evidence attached to his objections showing that there is still an ongoing policy of detaining refugees pursuant to 8 U.S.C. §1159 despite ICE's recent guidance. Finally, Petitioner objects claiming that the Magistrate Judge erred in finding that the Petition did not meet the "voluntary cessation" exception to mootness because the guidance issued by ICE violates current case law as being implemented by immigration judges and the Board of Immigration Appeals.

In reply, Respondents cite numerous decisions by other judges of this Court

dismissing similar petitions for mootness and arguing that the Magistrate Judge correctly recommended that the Petition should be dismissed as moot because, in his objections, Petitioner acknowledged that "he is unlikely to be detained under §1159 in the future" and that Petitioner had misconstrued the law and relied on unsubstantial and vague factual allegations to argue that one of the narrow exceptions to mootness applies.

Petitioner's objections to the Report and Recommendation will be overruled and the Court will dismiss the Petition for Writ of Habeas Corpus as moot.

As an initial matter, the Court rejects the Declaration of Brian Wolf as providing any admissible evidence to show that the issues raised in Petitioner's case fall within the "capable of repetition yet evading review" exception to mootness. Wolf's declaration does not provide any admissible evidence that since the issuance of the guidance ICE continues to hold unadjusted refugees pursuant to §1159(a). Wolf's anecdotal accounts of his assistance to several unadjusted refugees and his observations in connection with that assistance are not evidence. Moreover, the Court rejects Petitioner's argument that the ICE memorandum falls within the "voluntary cessation" exception to mootness. There is no evidence in this case that this guidance was adopted with the express purpose of avoiding this litigation and the Court agrees that through this guidance Respondents have met their burden of showing that there is no reasonable expectation of improper future detentions under §1159(a).

IT IS ORDERED overruling Petitioner's Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court.

///
///
///
///
///

IT IS FURTHER ORDERED that the Petition for Writ of Habeas Corpus is denied as moot.

DATED this 10th day of February, 2011.

_____
Susan R. Bolton
United States District Judge